Fernandez v. Calaf.

# JOSÉ ROMERO FERNANDEZ

*v.*

# JAIME CALAF ET AL.

San Juan, Law, No. 922.

ON THE METHOD OF PROOF OF A FOREIGN LAW.

Santo Domingo—Foreign State.
> 1. The United States has special relations with Santo Domingo, but not such as to change the status of that country as a foreign state.

Foreign Law—Official Gazette.
> 2. The Official Gazette cannot be used to prove a law contained in it, unless the law is proved to show the Gazette has that effect.

Foreign Law—No Judicial Notice.
> 3. Courts do not take judicial notice of foreign laws. They must be proved as matters of fact.

Foreign Law—Porto Rico Code of Evidence.
> 4. The Code of Evidence of Porto Rico is not necessarily binding upon the Federal court, but will be considered with great respect. Its provisions as to foreign law do not cover an Official Gazette.

Foreign Statutes—Proof.
> 5. A copy of a foreign statute proved to have been printed by official authority may be admitted. Local statutes generally provide that the volume must purport to be printed by authority of the foreign government, or it must be proved to be admitted in the courts of that country.

Opinion filed December 16, 1914.

*Messrs. E. B. Wilcox* and *Paul Charlton* for plaintiff.

*Messrs. F. H. Dexter, Chas. Hartzell,* and *Jorge Dominguez* for defendants.

Fernandez v. Calaf.

HAMILTON, Judge, delivered the following opinion:

In this case the question of the proof of a law purporting
to relate to surveys, and of which a copy is said to be contained
in the Gazeta Ofcial purporting to be published at Santo Do-
mingo city, has come up. The court decided the point yester-
day, but at the request of counsel for the plaintiff, I have per-
mitted a reargument of the point to-day. The paper is offered
in connection with the evidence of two witnesses, one being the
plaintiff, who testifies that he himself knows, and it is common
knowledge, that this is the paper treated as the Official Gazette
in Santo Domingo; the other being the chancellor of the Do-
minican consulate in Porto Rico, whose testimony is much to
the same effect. The first witness stated positively that the
publication was under some Dominican law. The second
witness said he was satisfied of that fact, but did not testify of
his own knowledge. There is offered to throw further light
upon the question a certificate by the American consul gen-
eral, showing that the copy of the Gazette thereto attached,
which is No. 472, and dated July 7, 1883, is the official organ
wherein laws, decrees, and enactments are published so that
they may have legal force. This certificate is dated the 9th of
June, 1913. It does not refer to the paper which is offered
in proof of the law, but I suppose is meant to show that a news-
paper of the same name is the official organ. The paper offered
also bears the certificate of the American deputy consul general
that the Gazeta Ofcial which is offered is a publication of the
Dominican government in which the latter is accustomed to pub-
lish its laws and decrees. The question therefore comes up
under that state of facts, Can the law which is sought to be

Fernandez v. Calaf.

introduced, purporting to be on the subject of survey, be admitted in evidence in this case on such showing?

1. In the first place, there is no question that Santo Domingo is a foreign state. The United States have some special relations with it, but not such as in any way to change its status as a foreign state. So that this brings up the question of proof of a foreign law, a foreign statute.

2. In the second place, there is no question that the law sought to be introduced is in writing, that is to say, it is not simply a custom or a law that is not reduced to writing. That is admitted by both sides. It is admitted by the offer of the Official Gazette, which shows that the law sought to be introduced is printed. Under those circumstances, is the law sufficiently proved to be admitted in the United States district court in a proceeding between private parties? It presents the unusual question of proof of a law by its publication in an alleged official newspaper, and presents at the start this difficulty. It seems to be in evidence that this alleged Official Gazette is made such by some law, and, in order to assume that it is an Official Gazette, the court would have to assume that a law making it such is in force. There is no offer to prove that there is such a law. It would look as if it is arguing in a circle. The Gazette is official because there has been a law passed to make it such, and publication in the Gazette makes a law official. So that it would look as if from that point of view the offer is defective. It is said, however, that this paper is accepted in Santo Domingo as official, and such is the custom, and that is the universal use of it there, and it is argued that therefore it must be binding over in another country in another court.

Fernandez v. Calaf.

3. That brings up the question of how to prove a foreign law. Courts do not take judicial notices of foreign laws. They must be proved as matters of fact; as was said many years ago in Greenleaf on Evidence, p. 486, which, however, is copied from Mr. Justice Story,—a foreign law is a fact to be proved in the court. The question is, What is the form of proof? Written laws must be proved by the text, or a collection printed by authority, or a copy certified by a proper officer, or, in their absence, perhaps by the opinion of experts as secondary evidence. This is said in Bouvier's Law Dictionary, under the words "foreign law." It also discusses unwritten laws, which does not apply.

4. It is alleged that this is controlled by the law of Porto Rico, and we are cited to §§ 53 and 54 of the law of evidence of Porto Rico, passed in 1905, §§ 1421 and 1422 of the Compilation. The court has held on several occasions that this Code of Evidence is not necessarily binding upon the Federal court; that a trial before a judge and a trial before a jury—and this being a trial before a jury to all intents and purposes—are so different that the one is not necessarily a good rule for the other. But in holding this I would like also to hold that this court will attach great respect to this Code of Evidence and no doubt in many cases will follow and apply its principles. Now the statute in question is this: "Books printed or published under the authority of a state of the Union or foreign country, and purporting to contain the statutes, code, or other written law of such state or country, or proved to be commonly admitted in the tribunals of such state or country as evidence of the written law thereof, are admissible in Porto Rico as evidence of such law." . The next section reads: "A copy of the written

law or other public writing of any state or country, attested
by the certificate of the officer having charge of the original,
under the public seal of the state or country, is admissible as
evidence of such law or writing." Now these sections recognize
two modes of proof. A law could be proved by the attestation
of the officer having charge of the original under the public
seal of the state. That is not in this case. The Gazeta Ofcial
purports to contain a copy of such a law, but it is not certified
by anyone having the custody of the original under the public
seal of the state. Neither would it come under the preceding
section as to books printed or published under the authority
of a state of the Union or foreign country, and purporting to
contain the statutes, etc. This is not a book. It is a newspaper,
official in name, but a newspaper pure and simple. So that it
does not come within either of the two sections of the Porto
Rican law which the court would be very much disposed to
follow, as it stated above; but it would like to reason the matter
out further.

5. It is said in certain well known books on evidence, Wig-
more for instance, that for foreign statutes no difficulty seems
ever to have been felt as to the admissibility of a copy proved
actually to have been printed by official authority, but there
was with some courts a hesitation about assuming the genuine-
ness of a copy purporting to be thus printed, etc. It says that
the point is now generally covered by statutes which commonly
state in the alternative two conditions. The volume must
either purport to be printed by authority of the foreign govern-
ment,—and this paper does not purport to be printed by au-
thority of the foreign government as far as I have been able to
discover in looking over it,—or it must be proved to be admitted

Fernandez v. Calaf.

in the courts of that country. Nor has that been shown. It has been shown that it is common repute in the country that it contains the laws, but nothing, however, as to the courts of that country. So that it does not come under the two provisions which Wigmore says are generally incorporated in statutes. We are trying, however, to get at the principle of it, apart from the statute, and that principle seems to be that the paper must be properly certified by somebody, by some proper official having the custody. This paper is not so certified. It is certified by an American consular agent, who, of course, is not the custodian of the laws at all. It is true that another copy of the paper of the same name about sixteen or seventeen years before is offered in evidence, but the court would hold that that is too remote to throw any light upon this particular transaction. Then, again, the general rule is that in regard to all evidence (United States Revised Statutes, § 861, Comp. Stat. 1913, § 1468), it shall be by oral testimony and the examination of witnesses in open court, except as hereinafter provided. There is nothing hereinafter provided that would bear upon this particular subject, but it is generally recognized in courts of the United States that the custodian of the law can certify the law; but such certificate is not offered in evidence at all. The general rule is that the best evidence must be offered, and the court judicially knows that there are compilations of Santo Domingan laws in volumes purporting to be published by authority. As to this particular law no showing has been made one way or the other as to its being in said compilation; so it is not shown that there is any necessity for resorting to secondary evidence, if this was proper secondary evidence. Therefore the court sees no reason to change the ruling made yesterday, and the objection is sustained.